```
      IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF ALABAMA
                NORTHERN DIVISION
```

**ORGANPI FARMS, LLC,** *et al.*,   \*
                                    \*
    **Plaintiffs,**              \*
                                    \*
**vs.**                             \* CIVIL ACTION NO. 21-00092-JB-B
                                    \*
**SCOTTSDALE INSURANCE COMPANY,**   \*
                                    \*
    **Defendant.**               \*

## REPORT AND RECOMMENDATION

This action is before the Court on review. The record reflects that Dr. Portia Fulford ("Dr. Fulford") initiated this civil action on behalf of Organpi Farms, LLC ("Organpi Farms") by filing a "Statement of Claim" against Defendant Scottsdale Insurance Company ("Scottsdale") in the Circuit Court of Dallas County, Alabama. (Doc. 1-2). Shortly thereafter, Scottsdale removed the action to this Court. (Doc. 1).

In an order dated April 6, 2021, this Court noted that while it appears that Dr. Fulford is the owner of Organpi Farms, there is nothing to suggest that she is a licensed attorney. (Doc. 7 at 2). The Court informed Dr. Fulford and Organpi Farms that an artificial entity such as Organpi Farms is prohibited from appearing in federal court without counsel, and it granted Organpi Farms leave to retain counsel by April 27, 2021. (Id. at 2-3). The Court cautioned Organpi Farms that if counsel did not appear

on its behalf by April 27, 2021, the undersigned would recommend that its claims be dismissed without prejudice for failure to prosecute and obey the Court's order. (Id. at 3).

The Court also noted in the order that it is unclear whether Dr. Fulford desires to proceed on behalf of both herself *and* Organpi Farms in this action, or whether she seeks to proceed solely on behalf of Organpi Farms. (Id. at 2 n.1). Accordingly, the undersigned directed Dr. Fulford to inform the Court in writing, no later than April 27, 2021, if she desires to pursue her own individual claims in this action on a *pro se* basis. (Id. at 3).

Despite the Court's explicit directives in its April 6, 2021 order, the docket reflects that no attorney has entered an appearance on behalf of Organpi Farms in this action, nor has Dr. Fulford filed a pleading indicating her desire to pursue her own individual claims on a *pro se* basis. Indeed, nothing has been filed in this Court on behalf of either Organpi Farms or Dr. Fulford. And, the copy of the order mailed to Dr. Fulford and Organpi Farms at the address on file has not been returned to the Court.

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ.

P. 41(b) and Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[1]  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)).  To justify dismissal with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, a court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct."  Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

The record reflects that Organpi Farms has failed to retain counsel, and that nothing has been filed in this Court on behalf of either Organpi Farms or Dr. Fulford, despite the Court's explicit directives and warning that the failure of Organpi Farms to retain counsel would result in a recommendation of dismissal.  Given that Dr. Fulford and Organpi Farms have not responded to the Court's order, and their copy of the order has not been returned to the Court, the undersigned surmises that they have elected not to pursue this action.  In light of their failure to prosecute and

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3

to comply with the Court's order dated April 6, 2021, and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice due to the failure of Dr. Fulford and Organpi Farms to prosecute and to comply with the Court's order.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made,

state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

    **DONE** this **5th** day of **May, 2021.**

                                                   **/S/SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**